**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRAZIER INDUSTRIAL COMPANY,<br>     *Plaintiff*,<br><br>   v.<br><br>FROZEN ASSETS COLD STORAGE LLC,<br>MICHAEL L. STREET, SAMUEL LOVE,<br>CORY CHRISTENSON, and AVTECH<br>CAPITAL, LLC,<br><br>     *Defendants.* | Civil No.: 21-cv-5545 (KSH) (CLW)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I. Background**

This action involves a dispute between plaintiff Frazier Industrial Company and defendants Frozen Assets Cold Storage Company LLC, Michael Street, and Samuel Love (the "Frozen Assets Defendants"), and defendants Avtech Capital LLC and Cory Christenson (the "Avtech Defendants") concerning the fabrication of a custom steel racking system by Frazier for a Frozen Assets warehouse. Although the parties vigorously contest what constitutes the operative set of facts, for present purposes – and without making any findings in this respect – the substance of the dispute concerns Frozen Assets' alleged failure to pay Frazier.

Pending before the Court are several applications. There is Frazier's appeal (D.E. 128) from the December 27, 2022 order (D.E. 127) of Magistrate Judge Cathy L. Waldor denying its motion for leave to amend the complaint. Her order was entered without prejudice to the motion being renewed after the completion of jurisdictional discovery and a decision on defendants' renewed motions to dismiss, "given the uncertainty concerning personal jurisdiction in this matter." The Frozen Assets Defendants oppose relief on Frazier's appeal (D.E. 135), as do the Avtech Defendants (D.E. 134).

1

As to the renewed motions to dismiss, they are the Frozen Assets Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim, which seeks, in the alternative, transfer of the case to the Northern District of Illinois (D.E. 148), and the Avtech Defendants' motion to dismiss for lack of personal jurisdiction, failure to state a claim, and failure to plead fraud with particularity (D.E. 147).

Finally, Frazier has once again and despite its pending appeal filed a motion to amend the complaint, which it has captioned a "cross-motion" to amend. (D.E. 150.) In response to that filing, the Frozen Assets Defendants docketed a letter (D.E. 152) asking the Court to strike it because it violates multiple court orders, including the one entered by Judge Waldor described above. Frazier opposes that request (D.E. 153).[1]

The motions to dismiss are fully briefed, and will be decided in due course. This opinion addresses Frazier's appeal from Judge Waldor's December 27, 2022 order, and Frazier's "cross-motion" to amend the complaint. For the reasons set forth below, Judge Waldor's order will be affirmed, and the "cross-motion" will be denied without prejudice.

**II.   Discussion**

The Court addresses Frazier's appeal first. Magistrate judges are empowered to hear and determine non-dispositive pretrial matters, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(a)(1), which include motions to amend the pleadings, *Patel v. Meridian Health Sys.*, 666 F. App'x 133, 136 (3d Cir. 2016) (citing *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998)). On appeal of a magistrate judge's order on a non-dispositive

---

[1] The Avtech Defendants sought, and received, an extension of time to file an opposition. (D.E. 159, 160.) This ruling moots the need for that filing.

matter, the district court may only set aside the order if it is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

A magistrate judge's finding is clearly erroneous if, "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Wag Acquisition, LLC v. Gattyán Grp.*, 2020 WL 5105194, at *2 (D.N.J. Aug. 31, 2020) (McNulty, J.) (cleaned up). *Accord Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (Debevoise, J.). The ruling is "contrary to law" if the magistrate judge "has misinterpreted or misapplied applicable law." *Wag Acquisition*, 2020 WL 5105194, at *2 (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). The burden is on the appellant to show that the decision was clearly erroneous or contrary to law. *Id.*

Frazier has not shown that Judge Waldor erred in denying its motion for leave to amend without prejudice until after the motions to dismiss are adjudicated. Instead, the order accommodates the need to determine whether this Court is the proper forum to adjudicate the merits of Frazier's claims. Proceeding in an orderly fashion is a particularly acute concern given the nature of the allegations the Frozen Assets Defendants have made in opposing Frazier's proposed amendments. Frozen Assets broadly attacks the proposed amended pleading on grounds that will not be addressed here beyond the observation that they include an argument that the amended complaint would not survive a motion to dismiss. (*See* D.E. 135, at 20.) As presented, this contention is tantamount to, or bound up with, a merits argument. *See In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017) ("'[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).'" (quoting

3

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991) ("It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment.").

Moreover, the order on appeal reflects a case management decision by a magistrate judge fully versed in the factual and legal issues and the parties' positions as they have been expressed repeatedly throughout this contentious litigation. The Avtech Defendants put it well regarding her ruling: "Judge Waldor's ruling that [Frazier] challenges did not address the merits of [Frazier's] motion for leave to amend and *merely enforced [her] prior orders regarding the timing of when the motion could be filed*." (D.E. 134, at 1 (emphasis added).) Case management decisions are discretionary ones that warrant deference, as judges in our circuit have repeatedly recognized. *Brown v. Wexford Health Sources*, 2022 WL 3227859, at *1, 2 (W.D. Pa. Aug. 10, 2022); *In re Lipitor Antitrust Litig.*, 2022 WL 4586419, at *3 (D.N.J. Sept. 29, 2022) (Sheridan, J.) (referencing magistrate judges' "broad discretion" in managing docket) (citing *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)); *see also Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (Orlofsky, J.) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion."). Indeed, our local rules expressly look to magistrate judges to oversee case management tasks such as the ones confronting Judge Waldor here. L. Civ. R. 72.1(a)(3)(A), (B) (duties of magistrate judge include "[e]xercising general supervision of the civil calendars of the Court," conducting pretrial conferences, and entering "appropriate orders," including scheduling orders).

The relevant context for Judge Waldor's December 27, 2022 order was this. In November 2022, she held a conference with the parties intended to get the case back on track for substantive resolution. (D.E. 123, 11/16/22 Tr. 3.) Up to that point, multiple motions had been briefed and terminated for various reasons (*e.g.*, Frozen Assets' bankruptcy filing, and the need for jurisdictional discovery). At that point jurisdictional discovery was underway, but whether or not this Court has jurisdiction over the defendants was still unresolved nor was defendants' challenge to personal jurisdiction the subject of an active motion that the Court could rule upon. The transcript of that conference reflects how Judge Waldor tackled this problem: first, the parties would refile their motions addressing outstanding issues with jurisdictional discovery; once these were ruled on, defendants could refile their motions to dismiss for lack of personal jurisdiction. The motion to amend would abide decision on the motions to dismiss so that if the case were to be transferred, the transferee judge would decide whether amendment was appropriate. (11/16/22 Tr. 9.)

Frazier's attorney repeatedly expressed disagreement with that decision, and Judge Waldor repeatedly overruled those objections. In an order entered on November 17, 2022, the day after the conference, Judge Waldor set forth a briefing schedule for the discovery motions and reiterated how the rest of the motions would be staged: "After the Court resolves the parties' forthcoming motions to compel, the Court will set a briefing schedule for Defendants' anticipated motions to dismiss/transfer. *Plaintiff's request for leave to re-file its motion to amend shall be held in abeyance until after resolution of Defendants' motions to dismiss/transfer*." (D.E. 118 (emphasis added).) Notwithstanding, on December 22, 2022, six days after the parties filed their motions to compel, Frazier re-filed its motion to amend. (D.E.

126.) On December 27, Judge Waldor issued the denial that is now on appeal before the undersigned.

In its appeal brief, Frazier argues that it has met the standard for leave to amend under Fed. R. Civ. P. 15(a)(2) and that it will be prejudiced if that leave is not granted now. But it also recognizes that Judge Waldor's ruling is ultimately one of case management. (D.E. 128-1, 2-3, 11-12.) A party's disagreement with a decision does not make the decision erroneous, and as a matter of law Judge Waldor's decision fully accords with Third Circuit precedent that calls for jurisdictional questions to be resolved before the merits are reached.[2]

The Court concludes that Judge Waldor's December 27, 2022 order was a proper exercise of her discretion in managing this case and by setting the order in which motions would be determined. The order on appeal will therefore be affirmed.

Next is Frazier's other motion to amend the complaint, styled as a "cross-motion." (D.E. 150.) As in earlier filed versions of a proposed amended complaint, Frazier seeks to modify certain factual allegations, add claims, and add a defendant. For the same reasons supporting Judge Waldor's decision to defer scheduling the re-filing of the motion to amend until after resolution of the jurisdictional motions in the specific circumstances of this case, this motion to amend (which contravened those orders) will be denied without prejudice.

### III. Conclusion

The appeal (D.E. 128) is denied, and Judge Waldor's December 27, 2022 order is affirmed. The cross-motion to amend (D.E. 150) is denied without prejudice. An appropriate order will follow. For clarity, the pending motions to dismiss are D.E. 147 and 148, which are

---

[2] To the extent defendants' motions to dismiss make merits-based, non-jurisdictional arguments as in addition to jurisdictional arguments, nothing has precluded Frazier from addressing those arguments in its opposition (D.E. 149) to the motions.

now fully briefed and which the Court will rule upon in due course; until that decision, further motion practice will not be entertained.

Date: July 13, 2023

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J