NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRAZIER INDUSTRIAL COMPANY,<br>*Plaintiff*,<br><br>v.<br><br>FROZEN ASSETS COLD STORAGE LLC,<br>MICHAEL L. STREET, SAMUEL LOVE,<br>CORY CHRISTENSON, and AVTECH<br>CAPITAL, LLC,<br><br>*Defendants*. | Civil No.: 21-cv-5545 (KSH) (CLW)<br><br><br>**MEMORANDUM OPINION ON<br>LETTER REQUESTS REGARDING<br>RECONSIDERATION AND DEFAULT** |

This matter comes before the Court on the letters filed by defendants Frozen Assets Cold Storage, LLC, Michael Street, and Samuel Love ("defendants") and plaintiff Frazier Industrial Company ("plaintiff") pertaining to defendants' request to file a motion for reconsideration (D.E. 187, 190) and to plaintiff's request that defendants be compelled to file an answer to the complaint (D.E. 192, 193, 194, 195). The Court rules as follows:

1.  On March 27, 2024, this Court heard oral argument, denied defendants' motion to dismiss on jurisdictional grounds, and directed the parties to proceed to mediation. (D.E. 170, 3/27/24 Order).[1] The order also directed that no further motion practice be initiated "with respect to amendment or dismissal motions until a date that will be set by Judge Waldor" (*id.* at 2), consistent with the Court's acknowledgment at oral argument that defendants had indicated an intent to file a Rule 12(b)(6) motion and plaintiff had indicated an intent to file a motion to amend, and that "that motion practice" should be paused pending mediation (D.E. 172, 3/27/24

---

[1] The Court also granted the motion to dismiss filed by defendants Avtech Capital, LLC and Cory Christenson, and dismissed the complaint against those defendants for lack of personal jurisdiction.

1

Tr. 75:12-25; *id.* at 77:21-25 (referencing future briefing schedule to be set for "anticipated motion practice" counsel had indicated was needed).)

2. In September 2024, after mediation concluded unsuccessfully, Magistrate Judge Waldor held a status conference with the parties over two days; at that time, nearly six months after this Court denied defendants' jurisdictional motion to dismiss, defense counsel indicated an intent to seek reconsideration of that order. Judge Waldor directed defendants to file a letter stating the aspects of the Court's decision they sought to have reconsidered and the bases for reconsideration, and permitted plaintiff to file a response. (D.E. 184.) This Court has reviewed the resulting submissions by defendants (D.E. 187) and plaintiff (D.E. 190).

3. Under L. Civ. R. 7.1(i), which governs motions for reconsideration of interlocutory orders, the deadline for defendants to move for reconsideration of the Court's March 27, 2024 order was April 10, 2024. Nothing in the Court's order or in its ruling on the record tolled or stayed that deadline, and defendants neither sought nor were granted an extension of the deadline. The present request is therefore untimely, as would be any formal reconsideration motion. Denial is warranted on that basis alone. *Lopez v. Corr. Med. Svcs., Inc.*, 499 F. App'x 142, 147 n.3 (3d Cir. 2012); *Gaines v. Busnardo*, 2015 WL 5771233, at *6 (D.N.J. Sept. 30, 2015) (Simandle, J.).

4. Even if defendants' letter were to be construed as a belated extension request, it does not articulate grounds that would fall within the permissible scope of reconsideration, a sparingly exercised extraordinary remedy reserved for situations where the controlling law has changed since the Court ruled on the motion, new evidence has since become available, or there is a "need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*

*Cafe v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

5. Defendants do not rely on new law or evidence. That leaves the third ground, which requires a showing that the Court overlooked dispositive factual matters or controlling decisions of law that were brought to its attention but went unconsidered. *Jansenius v. Holtec Int'l*, 2024 WL 2818280, at *2 (D.N.J. June 3, 2024) (Williams, J.). Relitigating or rearguing issues already presented (or which could have been presented but weren't) are not proper purposes for a reconsideration motion and do not warrant relief. *Id.* Disagreement with the Court's ruling also does not warrant reconsideration. *Royzenshteyn v. Onyx Enterprises Canada, Inc.*, 2025 WL 73218, at *2 (D.N.J. Jan. 10, 2025) (Castner, J.) ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." (quoting *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) (internal quotation marks omitted)). Defendants' proposed arguments in their letter (D.E. 187), addressed *seriatim* below, do not constitute permissible grounds for reconsideration.

6. The Court declined to dismiss plaintiff's tort claims on the basis of the economic loss doctrine because the record, as it stood, did not support doing so. That was a rejection of the argument, not a failure to rule on it. Moreover, even if defendants' premise were correct, dismissing the tort claims would not have compelled dismissal of the contract claims for lack of jurisdiction; in other words, the economic loss doctrine would not have been dispositive of the Court's personal jurisdiction over defendants. This is because as the Court also ruled, defendants' arguments about jurisdiction over the contract claims took too narrow a view of the contacts relevant to those claims. *See, e.g., Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (forum contacts can be instrumental to either contract formation or breach).

3

Defendants' disagreement with that conclusion does not warrant reconsideration. *Mitchell v. Twp. of Willingboro*, 913 F. Supp. 2d 62, 79 (D.N.J. 2012) (Simandle, J.) (recapitulation of arguments previously considered does not justify reconsideration).

7. Defendants' second point inaccurately describes the Court's ruling. In referring to where plaintiff is located, the Court did not hold that the company's location or where it would be harmed dictated the existence of jurisdiction. Instead, where plaintiff is located, in combination with what defendants assertedly knew about its location and when and what communications they sent at critical times to actuate certain responses by plaintiff, all informed the Court's determination that, qualitatively, the contacts between Frazier and defendants amounted to purposeful availment.

8. In their motion to dismiss and again at oral argument, defendants contended that plaintiff relied on facts that discovery had subsequently proven false. As explained in the Court's ruling, the governing case law affords a plaintiff at this stage of the litigation the benefit of having its allegations taken as true and factual disputes drawn in its favor when the Court does not have an evidentiary hearing. The Third Circuit, citing the same case law, has since reiterated that principle. *Hasson v. FullStory, Inc.*, 114 F.4th 181, 188 n.1 (3d Cir. 2024). Once defendants challenged personal jurisdiction, Frazier opposed with declarations supporting its version of events and which made out a *prima facie* case of jurisdiction. This is what Third Circuit law requires for a plaintiff to withstand a motion to dismiss for lack of personal jurisdiction. The Court again declines defendants' invitation to apply a heightened proof standard to plaintiff at this stage of the litigation.

    a. Defendants' footnoted request that the Court reconsider the issue of sanctions similarly ignores the burdens of proof at this stage of the litigation. Sanctions motions

are not appropriate vehicles to force resolution of the merits of a party's claims at the pleadings stage, *see, e.g.*, *Tiger Supplies, Inc. v. MAV Assocs. LLC*, 2022 WL 195858 (D.N.J. Jan. 21, 2022) (Chesler, J.), which is precisely what defendants are attempting to do.

9. Defendants previously made, and the Court rejected, their argument that plaintiff's activities in New Jersey were random or fortuitous events not caused by defendants' contacts with the state. Defendants' disagreement with the conclusion the Court drew on the record before it does not call for reconsideration.

10. Even if "two or three emails is never enough to confer jurisdiction" (D.E. 187, at 4), *cf. Miller Yacht Sales Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (a "single contact" can be enough in certain circumstances), the Court did not rely only on those emails, but rather on the "totality of the circumstances," *Remick v. Manfredy*, 238 F.3d 248, (3d Cir. 2001); *see also* paragraph 7, *supra*.

11. Similarly, the Court did not rely on the parties' past dealings standing alone, nor was the record devoid of information about that relationship. Instead, the parties' prior engagement with each other, which is pleaded in the complaint, together with the record evidence, which included the declarations and exhibits accompanying plaintiff's opposition, concerning where and how plaintiff operates, and where, when, and how plaintiff and defendants communicated with each other, permitted the reasonable inference that defendants' contacts with New Jersey were purposeful.

12. In challenging the Court's reference to plaintiff's desire to be paid, defendants again inaccurately describe the ruling—that was neither a "primary basis" nor a "guiding principle" of the Court's decision (D.E. 187, at 5). To the contrary, the Court used these references to orient the parties away from their dispute over what the operative facts should be

and toward the analysis the Court was obligated to undertake on a personal jurisdiction motion. (D.E. 172, 3/27/24 Tr. 50:6-52:2.) Later in the ruling, the Court's reference served the same purpose: to explain that the parties' dispute over when the contract became official was too myopic a focus. (*Id.* at 70-71.) Defendants' argument is, at its core, a disagreement with the Court's reasoning, while mischaracterizing that reasoning. No permissible basis for reconsideration is articulated.

13. Defendants moved to dismiss for improper venue or to transfer venue, invoking many of the same factual assertions as supported its jurisdictional arguments. Frazier opposed, similarly pointing to many of the same contacts and connections with New Jersey that it cited in its jurisdictional arguments. In other words, defendants' venue and transfer arguments offered the same fact dichotomy that the Court had confronted in evaluating the jurisdictional arguments. And as with the jurisdictional arguments, the Court concluded that defendants' version offered an unduly narrow view of the relevant facts. (D.E. 172, 3/27/24 Tr. 74:4-7.) As the experienced lawyers in this case well know, the Court's remark about the practicality of transfer at this late date was not the reason the Court declined to transfer the case.

14. In the guise of pursuing reconsideration, defendants' letter is an effort to dissect the Court's ruling into individual components, which it then relitigates, construes in the light most favorable to defendants' position, and uses as a basis to claim error. That was not the correct standard for the Rule 12(b)(2) motion, and it is not the correct standard for reconsideration; defendants' arguments, taken individually and as a whole, do not warrant the relief sought.

15. Plaintiff's letter raising the "procedural issue" of defendant not having filed an answer to the complaint (D.E. 192) echoes its effort earlier in the case to compel the filing of an

6

answer from defendants while their motion to dismiss was pending, which the rules do not contemplate. *Cf.* Fed. R. Civ. P. 12(a)(4)(A). However, when the Court denied defendants' motion, their answer was due 14 days later. *Id.* Neither their intent to seek reconsideration nor plaintiff's intent to amend the complaint suspended that deadline, meaning that within the letter of the rules, defendants' answer is overdue.

16. Nevertheless, the Court recognized that defendants intended to pursue their Rule 12(b)(6) arguments after the jurisdictional issue was resolved. (D.E. 172, 3/27/24 Tr. 72:21-24, 75:12-13.) Having denied defendants' request to move for reconsideration, the Court sets the following deadlines for briefing on defendants' Rule 12(b)(6) motion: Moving papers due by February 26, 2025; responses due by March 12, 2025; reply due by March 19, 2025.

17. Under Fed. R. Civ. P. 12(a)(4)(A), defendants' forthcoming motion suspends the deadline for their answer until 14 days after the Court's ruling on that motion. Plaintiff's request to pursue default against defendants is therefore denied as moot.

18. To summarize: defendants' request to move for reconsideration of the Court's March 27, 2024 order is denied. Plaintiff's request to compel defendant to file an answer or, alternatively, to pursue default against defendants, is denied. An appropriate order will enter.

Date: February 11, 2025                                       */s/ Katharine S. Hayden*
                                                              Katharine S. Hayden, U.S.D.J.